UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LYNN KUCHARSKI, :
:
        **Plaintiff** :
:
v. : Civ. No. 06cv358 (WWE)
:
:
CORT FURNITURE RENTAL, :
:
        **Defendant.** :

## MEMORANDUM OF DECISION

In this action, plaintiff Lynn Kucharski alleges that she was terminated from her employment by defendant Cort Furniture Rental ("Cort") in violation of Title VII of the Civil Rights Act of 1964, Connecticut Fair Employment Practices Act ("CFEPA"), and the Americans with Disabilities Act ("ADA").

Defendant has filed a motion for summary judgment on the complaint in its entirety. For the following reasons, the motion for summary judgment will be denied in part and granted in part.

## BACKGROUND

The parties have submitted statements of fact, affidavits, and exhibits, which reveal the following undisputed facts.

Defendant Cort is a national furniture rental business.

On October 6, 2003, plaintiff commenced employment with defendant as a Commercial Account Executive. In January 2004, plaintiff accepted a newly-created account executive position that allowed her to sell both residential and commercial accounts within a smaller territory.

On January 6, 2004, plaintiff announced that she was pregnant and due to give birth on June 15, 2004. At that time, plaintiff inquired about Cort's leave policy. Her supervisor, Jim Mas, the District General Manager, stated that he would ask Cort's Human Resources about the company leave policies.

In a letter dated March 11, 2004, Laurie Smith, District Sales Manager, informed plaintiff that she was not entitled to leave under the Family and Medical Leave Act because she had been employed with Cort for less than one year. She also told plaintiff that Cort's leave policies entitled her to four weeks of leave.

Thereafter, plaintiff was diagnosed as a high risk pregnancy.

On April 15, 2004, plaintiff submitted a note from a doctor, stating, "Lynn will be unable to work due to her pregnancy until further notice."

On April 18, plaintiff offered to work from home using her laptop computer and telephone. Rachel Vincent, the Area Sales Supervisor, rejected this request because the plaintiff's position required physical presence in the sales territory.

In an e-mail sent to Naomi Schmuckler dated April 27, 2004, a Senior Human Resources Manager, Jim Mas wrote: "I will be sending a follow up [Personnel Action Form] for Lynn dated 5/3/04 terminating employment due to her inability to work due to complications from her pregnancy."

On April 29, 2004, Schmuckler sent plaintiff a letter informing her that she was entitled to four weeks of leave and that her employment would be terminated effective May 3, 2004 if she did not return to work on that date.

Plaintiff did not return to work by May 3, 2004, and Cort terminated her employment as of that date.

**SUMMARY JUDGMENT**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Anderson, 477 U.S. at 249.

Title VII

Plaintiff alleges that her termination was the result of pregnancy discrimination in violation of Title VII and CFEPA.  Defendant maintains that plaintiff has no evidence of discriminatory animus to support her claim of disparate treatment.  Plaintiff counters

3

that both direct and circumstantial evidence militate against summary judgment in this case.

Plaintiff submits as direct evidence the April 27 e-mail from Jim Mas that stated that plaintiff would be terminated because of her inability to work due to complications from her pregnancy. Plaintiff argues that the court need only determine whether defendant has demonstrated that it would have reached the same decision even in the absence of the impermissible factor. See De La Cruz v. New York Human Res. Admin., 82 F.3d 16, 23 (2d Cir. 1996).

Defendant counters that the e-mail is not direct evidence of illegal motivation since it indicates that plaintiff was terminated only because she was unable to return to work. However, even if the e-mail did constitute direct evidence, defendant maintains that it has proved that it would have discharged plaintiff even without the illegal motivation. In support of this contention, defendant submits that its has consistently discharged employees who fail to return to work after exhausting their leave time.

Assuming that plaintiff has presented direct evidence, the Court finds that the question of whether defendant would have discharged plaintiff even without an illegal motivation presents a question of fact for resolution by a jury.

Summary judgment is also not appropriate according to the burden shifting process established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) and Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-56 (1981) for cases involving only circumstantial evidence.

To establish her prima facie claim of discrimination, plaintiff must demonstrate that 1) she belongs to a protected class; 2) she was performing her duties satisfactorily;

4

3) she suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. Although the plaintiff's initial burden is not onerous, she must then show that her termination was not made for legitimate reasons. Thomas v. St. Francis Hospital and Medical Center, 990 F.Supp. 81, 86 (D. Conn. 1998).

If the plaintiff establishes a prima facie case, the defendant must articulate a legitimate, non-discriminatory business reason for the alleged discriminatory action. The plaintiff must then prove by a preponderance of the evidence that the supposed legitimate reason is actually a pretext for discrimination. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 515 (1993). To show pretext, plaintiff is entitled to rely on the same evidence used to support her prima facie case. Kerser v. Kingly Mfg., 156 F.3d 396, 402 (2d Cir. 1998).

For purposes of ruling on this motion, the Court assumes that plaintiff has satisfied the prima facie case. Defendant proffers as its legitimate, non-discriminatory business reason that plaintiff was terminated because she had exhausted her leave and did not return to work. In addition to the e-mail, plaintiff has adduced some evidence that defendant could have covered plaintiff's position during the period of time in which plaintiff was unable to work. The Court must construe plaintiff's evidence in the light most favorable to plaintiff. Accordingly, the Court finds that plaintiff's evidence raises an issue of fact as to whether defendant's non-discriminatory reason is pretextual for discrimination.

Disability Claim

Plaintiff alleges that defendant violated the ADA and CFEPA because defendant

terminated her employment due to pregnancy complications. Defendant argues that plaintiff has failed to exhaust her administrative remedies and that she did not have a disability as defined by the ADA.

A district court may hear only Title VII or CFEPA claims that either are included in an administrative charge or that are based on conduct which is "reasonably related" to the conduct alleged in the administrative charge. Butts v. City of New York Dept. of Housing, 990 F. 2d 1397, 1401 (2d Cir. 1993); Garris v. Department of Correction, 170 F.Supp.2d 182, 188 (D.Conn. 2001) (applying "reasonably related" analysis to CFEPA claim).

In Butts, the Second Circuit described three situations where claims not alleged in an administrative charge are sufficiently related to the allegations within the charge to allow such claims to proceed in the plaintiff's civil rights action: 1) where an investigation into the claims not raised would have reasonably flowed from an investigation into the claims alleged in the administrative charge; 2) where the plaintiff alleges retaliation by the employer against the employee for filing the administrative charge; and 3) where the plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the administrative charge.

To determine whether claims are reasonably related, the court should focus on the factual allegations of the administrative charge describing the alleged discriminatory conduct. Deravin v. Kerik, 335 F.3d 195, 201 (2d Cir. 2003). The substance of the charge rather than its label controls the analysis. Id.

Here, the disability claims are reasonably related to the exhausted Title VII/CFEPA claims since both claims arise out of alleged wrongful termination due to

plaintiff's pregnancy and its complications. An investigation into potential disability discrimination could have reasonably flowed from the investigation into the exhausted discrimination claim. See Cvern v. Enterprise Solution Providers, Inc., 2001 WL 533723 (S.D.N.Y.) (disability claim related to pregnancy discrimination claim where both claims arose out of same conduct).

However, plaintiff's claims fail to establish a disability under either the ADA or CFEPA.

ADA

Where an employer is subject to the ADA, the plaintiff may establish a prima facie case of disability discrimination by showing that (1) she suffers from a disability within the meaning of the ADA; (2) she could perform the essential functions of her job with or without reasonable accommodation; and (3) she was fired because of her disability. Heyman v. Queens Village Comm. for Mental Health for Jamaica Cmty. Adolescent Program, Inc., 198 F.3d 68, 72 (2d Cir. 1999).

Defendant argues that plaintiff is not disabled within the meaning of the ADA. The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of the individual." 42 U.S.C. § 12102(2)(A). With respect to the major life activity of working, an individual is substantially limited when she is significantly restricted in the ability to perform a broad class of jobs. Sutton v. United Airlines, Inc., 527 U.S. 471, 491 (1999). An impairment that disqualifies a person from a narrow range of jobs is not a substantial limitation. Heilweil v. Mount Sinai Hosp., 32 F.3d 718, 723 (2d Cir. 1994), cert. denied, 513 U.S. 1147 (1995).

Short term, temporary restrictions are not substantially limiting and do not render a person disabled.  See 29 C.F.R. § 1630.2(j)(2).

Courts have proved reluctant to afford ADA protection to alleged disabilities related to pregnancy except in extremely rare cases where the complication from the pregnancy is substantial enough to qualify as disability.  LaCoparra v. Pergament Home Ctrs., Inc., 982 F.Supp. 213, 228 (S.D.N.Y. 1997).  In this instance, the evidence establishes that plaintiff's complications from pregnancy ceased after she gave birth to her child.  Accordingly, she suffered from her pregnancy-related complications for approximately two months.  Given the short duration of plaintiff's alleged disability, the Court cannot find that she had a disability that qualifies as a substantial limitation under the ADA.  Further, plaintiff has not provided evidence that demonstrates that her disability barred her from working a broad class of jobs.  Summary judgment will be granted on plaintiff's ADA claim.

### CFEPA

Summary judgment will also be granted on plaintiff's CFEPA disability claim. CFEPA defines "physically disabled" as "any individual who has any chronic physical handicap, infirmity or impairment, whether congenital or resulting from bodily injury, organic processes or changes or from illness, including, but not limited to, epilepsy, deafness or hearing impairment or reliance on a wheelchair or other remedial appliance or device."  Conn. Gen. Stat. § 46a-51(15).   Based on the evidence adduced, plaintiff has not established that she has "any chronic physical handicap, infirmity or impairment."

**CONCLUSION**

For the foregoing reasons, the Motion for Summary Judgment [#38 ] is DENIED as to the Title VII/CFEPA pregnancy discrimination claims, and GRANTED as to the ADA/CFEPA claims.

Plaintiff is instructed to file an amended complaint consistent with this ruling within fifteen days.

Dated this 21st day of December, 2007.

_____/S/_____

WARREN W. EGINTON, SENIOR UNITED STATES DISTRICT JUDGE